IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 2, 2001

## JAMES THOMAS PAGE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Chester County**
**No. 01-4330     Roy B. Morgan, Jr., Judge**

**No. W2001-01122-CCA-R3-PC  - Filed December 7, 2001**

The petitioner, James Thomas Page, appeals as of right from the Chester County Circuit Court's denial of his petition for post-conviction relief. The petitioner pled guilty to second degree murder, a Class A felony, and received the agreed, forty-year sentence as a 100% violent offender. He contends that he received the ineffective assistance of counsel and that he did not understand what was happening at the guilty plea hearing. We affirm the trial court's denial of the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Mike Mosier, Jackson, Tennessee, for the appellant, James Thomas Page.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; James G. Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner's conviction resulted from the 1998 murder of Seneca Butler. At the evidentiary hearing, the petitioner testified that he pled guilty only because he felt that his attorney was not helping him and he hoped to get better help for himself after he left the county jail. He said that he told his attorney everything about his involvement in the offense, which was that he and the co-defendant planned to rob the victim but that he did not know a homicide was going to occur. He admitted that his attorney explained the plea offer and that he faced a sentence of life without parole if he proceeded to trial for the indicted offense of first degree murder. He stated that although he could read and write fairly well, he was young, did not understand the law, and had a lot on his mind at the guilty plea hearing. He said that even though he said that he understood Range II sentencing when the judge explained it to him at the guilty plea hearing, he did not understand it. Although he

admitted that he had no witnesses who could have helped him and no defense, he believed that he could have been convicted of a lesser offense had the case gone to trial.

The petitioner's trial attorney testified that she discussed the case with the petitioner, who gave no alibi or defense witnesses. She said that the petitioner received two mental evaluations, which revealed no mental incapacity defense. She said that he had confessed to robbing the victim and to being present when the murder took place. She said that aside from the co-defendant, who pled guilty and planned to testify against the petitioner, the state had two other witnesses who could place the petitioner at the scene making a telephone call to the victim and with the body right after the murder. She said that one of these witnesses would testify that he knew a murder was about to occur. She said that she interviewed the co-defendant, who told her that the petitioner helped plan the murder, obtained the gun, and brought some garbage bags for disposing of the body. She said that she discussed with the petitioner the state's offer and the fact that he would be pleading outside of his range, which was Range I. She said that the petitioner completely understood what he was doing but was not happy with the offer because he wanted a lesser sentence. She agreed that although the petitioner was reluctant, he wanted to accept the plea offer.

The trial court found that the petitioner failed to present any evidence that his trial attorney did or failed to do anything that violated his constitutional rights. Specifically, it found that "the petitioner knew and was advised that he was pleading outside of his range when he accepted the State's plea offer."

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the burden is upon the complaining party to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993); see also State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989) (applying the Strickland standard to the right to counsel under article I, section 9 of the Tennessee Constitution). When a petitioner claims that the ineffective assistance of counsel resulted in a guilty plea, he or she must prove that counsel performed deficiently and that but for counsel's errors, the petitioner would not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 464 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). The petitioner has the burden in the trial court to prove by clear and convincing evidence the factual allegations that would entitle him to relief. Tenn. Code Ann. § 40-30-210(f). On appeal, this court reviews the trial court's factual findings regarding the ineffective assistance of counsel de novo with a presumption that the findings are correct unless the evidence preponderates otherwise. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). In the present case, the petitioner is essentially asserting that we should accept his testimony over that of his trial counsel. The trial court's findings reveal that it resolved the issue of credibility in favor of trial counsel. The record does not preponderate against this finding. Therefore, we affirm the trial court's determination that the petitioner's trial counsel was not deficient.

Based upon the foregoing and the record as a whole, we affirm the trial court's denial of the petition for post-conviction relief.

_____
JOSEPH M. TIPTON, JUDGE